FILED IN OPEN COURT

MAY 19 2021

CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MELVIN PALMA FLORES,<br><br>*Defendant*. | Case No. 1:20-CR-142<br><br>Count 1: Possession with Intent to Distribute Marijuana<br>(21 U.S.C. § 841(a)(1))<br><br>Count 2: Use of a Firearm in Relation to a Drug Trafficking Offense Resulting in Death<br>(18 U.S.C. § 924(j)(1))<br><br>Count 3: Witness Tampering<br>(18 U.S.C. § 1512(b)(1))<br><br>Forfeiture Notice |

## SECOND SUPERSEDING INDICTMENT

May 2021 TERM – Alexandria, Virginia

### COUNT ONE

(*Possession With Intent to Distribute Marijuana*)

THE GRAND JURY CHARGES THAT:

On or about October 25, 2019, in Fairfax County, Virginia, within the Eastern District of Virginia, the defendant, MELVIN PALMA FLORES, did knowingly, intentionally, and unlawfully possess with the intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance. Specifically:

## GENERAL ALLEGATIONS

1. Having determined that "[t]he illegal importation, manufacture, distribution and possession and improper use of controlled substances have a substantial and detrimental effect on the health and general welfare of the American people[,]" Congress enacted the Controlled Substances Act (CSA), codified at Title 21, United States Code, Sections 801 *et seq*.

2. There are five "schedules" of controlled substances, known as Schedule I, II, III, IV, and V. Substances are "scheduled" depending on their potential for abuse and recognized medical usage. Marijuana is a Schedule I controlled substance.

## THE DEFENDANT

3. At all times relevant to this Superseding Indictment, the defendant was involved the distribution of marijuana as a means to make money. The defendant acquired marijuana from a source or sources of supply, and redistributed the marijuana to his customers for profit.

4. The defendant possessed firearms, including for protection in carrying out his marijuana distribution activities.

5. The defendant used a cell phone to communicate with his customers and other associates involved in marijuana distribution, including through online social media platforms.

## THE OCTOBER 25, 2019, INCIDENT

6. On or about October 25, 2019, X.B. contacted the defendant, ostensibly to arrange for some of X.B.'s associates to purchase marijuana from the defendant. In reality, X.B. and his associates intended to steal marijuana from the defendant.

7. On or about October 25, 2019, X.B.'s associates — Individual 1 and Individual 2 — met the defendant at the defendant's home, located in Fairfax County, Virginia, within the Eastern District of Virginia. The defendant had in his possession a quantity of marijuana that he

intended to distribute to X.B. and his associates. Instead, Individual 1 stole the quantity of marijuana from the defendant and brought it to X.B. During this encounter, the defendant displayed a black, semi-automatic handgun, but did not use it.

8. Later that day, the defendant picked up one of his associates, Individual 3, from an apartment in the Mount Vernon area of Fairfax County. The defendant and Individual 3 later met up with the defendant's girlfriend, Individual 4. The defendant, Individual 3, and Individual 4 traveled in Individual 4's car to the area of X.B.'s apartment, also located in Fairfax County, Virginia.

9. On or about October 26, 2019, as retaliation for setting up the earlier robbery, and in furtherance of his ongoing marijuana distribution business, the defendant used and discharged a firearm, shooting X.B. twice and killing him. The defendant unlawfully killed X.B. with malice aforethought, in that he did so from a premeditated design.

### THE DEFENDANT'S EFFORTS TO CONCEAL HIS CRIMES

10. After the defendant killed X.B., the defendant to cover up and conceal his involvement in the murder. The defendant dismantled and disposed of the firearm he used. The defendant also burned articles of clothing he had been wearing at the time.

11. In and around October 2020, the defendant wrote a letter addressed to Individual 4. In the letter, he directed Individual 4 to lie to law enforcement and say that Individual 3 had committed the murder of X.B., rather than the defendant. He further directed Individual 4 to recant Individual 4's prior, truthful statement to law enforcement that the defendant had killed X.B.

12. The defendant arranged with an unidentified person to deliver the letter to the defendant's friend, J.L. J.L. then gave the letter to Individual 4.

13. The defendant wrote the letter and arranged for it to go to Individual 4 in an attempt to corruptly persuade Individual 4, with the intent to influence or prevent the testimony of Individual 4 in an official proceeding, and to cause or induce Individual 4 to withhold her testimony from an official proceeding.

(All in violation of Title 21, United States Code, Sections 841(a)(1))

## COUNT TWO

*(Use of a Firearm in Relation to a Drug Trafficking Crime Resulting in Death)*

THE GRAND JURY FURTHER CHARGES THAT:

The allegations contained in paragraphs 1–13 of this Second Superseding Indictment, as set forth in above, are incorporated here by reference.

On or about October 26, 2019, in Fairfax County, Virginia, within the Eastern District of Virginia, the defendant, MELVIN PALMA FLORES, did knowingly use, carry, brandish, and discharge a firearm, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, possession with intent to distribute marijuana, as set forth and charged in Count One of this Superseding Indictment, and his ongoing distribution of marijuana, and knowingly and willfully caused the death of X.B., through the use of the firearm, such that the killing was first degree murder, as defined in 18. U.S.C. § 1111(a), in that the defendant, with premeditation and malice aforethought, did unlawfully kill X.B. by shooting him with the firearm.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(j)).

## COUNT THREE

*(Tampering with a Witness)*

THE GRAND JURY FURTHER CHARGES THAT:

The allegations contained in paragraphs 1–13 of this Second Superseding Indictment, as set forth in above, are incorporated here by reference.

In and around October 2020, in the Eastern District of Virginia, the defendant, MELVIN PALMA FLORES, did knowingly attempt to corruptly persuade Individual 4, with the intent to influence and prevent the testimony of Individual 4 in an official proceeding; and with the intent to cause or induce Individual 4 to withhold her testimony from an official proceeding, namely, the case of *United States v. Melvin Palma Flores*, No. 1:20-CR-242.

(In violation of Title 18, United States Code, Section 1512(b)(1)).

## FORFEITURE NOTICE

THE GRAND JURY FURTHER FINDS that there is probable cause that the property described below is subject to forfeiture. Pursuant to Rule 32.2(a), the defendant is hereby notified that:

1. If convicted of Count One, the defendant shall forfeit to the United States, pursuant to Title 21 United States Code, Section 853(a), the following: (1) any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation; and (2) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

2. If convicted of any of the offenses in the Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in or used in any such violation.

CONTINUED ON THE FOLLOWING PAGE

Pursuant to Title 21, United States Code, Section 853(p), MELVIN PALMA FLORES, shall forfeit substitute property, if, by any act or omission of the defendant, the property referenced above or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(In accordance with Title 18, United States Code, Section 924(d); Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(a) and Rule 32.2(a), Federal Rules of Criminal Procedure).

A TRUE BILL

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

_____
FOREPERSON

Raj Parekh
Acting United States Attorney

By: _____
Michael P. Ben'Ary
Katherine E. Rumbaugh
Assistant United States Attorneys

8